COURT OF APPEALS
DECISION
DATED AND FILED

September 25, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1209-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2018CF319

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JASON SYPHER,

DEFENDANT-APPELLANT.

APPEAL from a judgment and orders of the circuit court for Portage County: THOMAS B. EAGON and NICHOLAS J. BRAZEAU, JR., Judges. *Affirmed*.

Before Graham, P.J., Blanchard, and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.   Jason Sypher appeals a judgment of conviction, an order denying his postconviction motion, and two orders denying subsequent motions for reconsideration.  The issues relate to the admissibility of cadaver-dog evidence, the admissibility of a statement that a witness testified Sypher made to a former girlfriend, and two claims of ineffective assistance of counsel.  We affirm.

¶2      After a jury trial, Sypher was convicted of one count of first-degree intentional homicide.  He filed a postconviction motion that the circuit court denied without an evidentiary hearing.

¶3      On appeal, Sypher argues that the circuit court erred by admitting evidence at trial about the activities of a cadaver-sniffing dog through the testimony of the dog's handler.  Before trial, Sypher moved to exclude that evidence based, in part, on his argument that this type of evidence is unreliable.

¶4      The court held an evidentiary hearing before trial, and the handler testified on matters such as how the dog was trained and the process that the handler used with the dog at a scene of interest.  After the hearing, Sypher argued against admission of the evidence mainly on the basis that, at that time, no Wisconsin case affirmatively allowed such evidence.  Sypher also questioned the reliability of the dog based on its past performance.  The court reviewed the testimony and concluded that the dog's training was in compliance with reliable principles and methods, which were followed in this case, and therefore the evidence would be admitted.

¶5      After that circuit court decision, this court published an opinion affirming the admission of cadaver-dog evidence.  *State v. Bucki*, 2020 WI App 43, 393 Wis. 2d 434, 947 N.W.2d 152.  On appeal, Sypher argues that the circuit court in his case erroneously exercised its discretion by not discussing all of the

factors that the circuit court in **Bucki** discussed when it made its evidentiary ruling. However, Sypher does not point to any case law requiring a court to discuss all of the same factors as a prerequisite to admissibility. In fact, **Bucki** expressly rejects such a requirement:

> As the Supreme Court noted in **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579, 595 (1993), the test under FED. R. EVID. 702 is a "flexible" one. The federal advisory committee observed that no attempt had been made to codify all the factors that a court might consider when determining the admissibility of evidence subject to that rule, but its note sets forth numerous factors that had previously been deemed relevant. A circuit court enjoys the broad latitude to decide how to determine reliability, and it may consider some, all, or none of the factors identified by **Daubert** and the federal advisory committee to determine whether expert evidence is reliable. **Seifert v. Balink**, 2017 WI 2, ¶64, 372 Wis. 2d 525, 888 N.W.2d 816 (plurality opinion) (*citing* **Kumho Tire Co. v. Carmichael**, 526 U.S. 137, 142 (1999)).

**Bucki**, 393 Wis. 2d 434, ¶52 n.22.

¶6      Beyond that, Sypher faults the expert for not discussing potential alternative reasons that the dog may have alerted in this case. However, that topic is only a small point within the larger context of the dog's general reliability, and Sypher was free to ask questions on that topic during the hearing. In sum on this issue, Sypher has failed to identify any specific flaw in the circuit court's analysis of the evidence at the hearing or in the conclusion the court reached based on that evidence.

¶7      Sypher next argues that the circuit court erred by admitting certain testimony by a former girlfriend. The testimony disputed on appeal is her statement that Sypher, after sexually assaulting her, warned her not to tell anyone, and that if she did, he said, "I know plenty of places I can bury a body and no one

will ever find you." The significance of this testimony is that the victim in this case was another person who had been in a romantic relationship with Sypher; and law enforcement had been unable to locate her body.

¶8 At certain points in his appellate briefing, Sypher argues that this testimony was evidence of an "other act," and he refers to the three-part test for such evidence under *State v. Sullivan*, 216 Wis. 2d 768, 772-73, 576 N.W.2d 30 (1998). However, at other points in his briefing, Sypher questions whether a person's earlier statement is an "act" for the purpose of being covered by the other-acts rule, WIS. STAT. § 904.04(2).

¶9 Sypher appears to operate from the premise that it would work in his favor if we were to conclude that the other-acts rule does not apply to evidence in the form of a statement, but that proposition would not assist him here. If the testimony about Sypher's statement is not subject to the other-acts rule, Sypher has not suggested any other specific rule that might apply to testimony about his statement, and which might then be a basis to exclude this evidence. In other words, if Sypher's statement is not an "other act," then its admission is free from the restrictions imposed by that rule, and is controlled only by the general rules applicable to all evidence, such as those related to relevancy and unfair prejudice. This would make it easier to admit the evidence, not harder.

¶10 Turning to Sypher's arguments about the other-acts rule, he argues that the evidence was admitted for the improper purpose of showing that he had a certain character and acted in conformity with that character. However, the circuit court ruled that the evidence was for the proper purposes of motive, intent, and preparation or plan. Sypher does not acknowledge this ruling, and does not

specifically dispute any of those three purposes. He fails to show error on this point.

¶11 On the question of whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, we conclude that the court did not erroneously exercise its discretion. On this point, the court briefly stated that the probative value of the evidence was not outweighed by the danger of unfair prejudice, and that a cautionary instruction would be given. Sypher argues that the evidence should have been excluded because he did not actually attempt such a crime against the girlfriend, and because this evidence presented him as a person capable of committing the horrible crime charged, in the manner claimed. However, we do not agree that the danger of unfair prejudice outweighed the probative value of this evidence, given the specificity of the testimony and its potentially probative value to the facts of this case. The circuit court reached a reasonable determination about its admissibility.

¶12 Sypher also argues that his trial counsel was constitutionally ineffective. To establish ineffective assistance of counsel a defendant must show that counsel's performance was deficient and that such performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

¶13 The circuit court denied Sypher's claims without an evidentiary hearing. Therefore, the question in this court is whether Sypher was entitled to such a hearing. We first look at whether the facts alleged in the postconviction motion, if true, would entitle the defendant to relief. *State v. Jackson*, 2023 WI 3, ¶11, 405 Wis. 2d 458, 983 N.W.2d 608. Then, if they do, the court must determine whether the record conclusively demonstrates that the defendant is not entitled to relief. *Id.*

5

¶14    In attempting to allege facts that would entitle him to relief, Sypher must allege objective factual assertions which allow the reviewing court to meaningfully assess his claim. *State v. Bentley*, 201 Wis. 2d 303, 313-14, 548 N.W.2d 50 (1996). This is a question of law that we decide without deference to the circuit court. *Id.* at 310.

¶15    Sypher's ineffective assistance claims are scattered about his brief, but we address the two that we are able to identify.

¶16    First, Sypher asserts that the circuit court should have held a postconviction evidentiary hearing regarding an alleged hematoma suffered by the dog, which his trial counsel did not explore at trial. Sypher fails to explain the nature or significance of any such hematoma in his appellate briefing, and his postconviction motion does not fill in the gaps. It states only: "The dog suffered a hematoma around the time of the investigation in this case, thus rendering his behavior and indications into question." This statement does not provide factual allegations that allow a meaningful assessment of the claim that counsel's performance was deficient, or that Sypher was prejudiced.

¶17    Second, Sypher argues that his trial counsel provided him with bad advice regarding his decision not to testify in this case. However, Sypher does not explain in his appellate brief exactly what that advice was, and an explanation is also missing from his postconviction motion. His postconviction motion and accompanying affidavit state that counsel did not "fully discuss" the point with him, and that Sypher and his counsel discussed it only "briefly" on two occasions. The motion and affidavit then allege only the specific points that counsel and Sypher did *not* discuss, rather than what they did discuss. This fails to provide

factual allegations that allow a meaningful assessment of whether trial counsel's performance was deficient.

¶18 For these reasons, we affirm.

*By the Court.*—Judgment and orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2023-24).